**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01379-CMA-MJW

BETTY F. MAXWELL,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,

    Defendant.

## ORDER OF REMAND

    This matter is before the Court on Defendant's Motion to Remand.[1]  (Doc. # 7.) Plaintiff filed a complaint with the in Colorado State court on April 8, 2011.  (Doc. # 1-2.) Defendant filed a Notice of Removal on May 24, 2011.  (Doc. # 1.)  Defendant removed the lawsuit to this Court under 28 U.S.C. § 1332, which provides for diversity jurisdiction.

    In this case, Plaintiff challenges the validity of a state foreclosure action.  After removing the case, Defendant now requests remand on the grounds that the Court is likely to find that it lacks subject matter jurisdiction.  The Court agrees that it lacks

---

[1] Under the Local Rules, the Court "will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel . . . has conferred or made reasonable, good-faith efforts to confer with . . . a *pro se* party to resolve the disputed matter." D.C.COLO.LCivR 7.1(A).  Defendant's counsel has not indicated that he conferred with the *pro se* party before filing this action. However, this Motion concerns the Court's subject-matter jurisdiction under Rule 12.  Thus, the Court will consider this motion.

subject-matter jurisdiction.  This Court has previously found that the *Rooker-Feldman* doctrine[2] precludes it from conducting appellate type review of state court judgments, "including those that authorize and confirm the sale of property." *Snider v. B.A.C. Home Loans Servicing LP*, No. 11-cv-00224, 2011 WL 805792 (D. Colo. Feb. 28, 2011).  Two other courts in this district have also concluded that federal district courts should abstain from hearing challenges to state foreclosure actions under either the *Rooker-Feldman* doctrine or the *Younger* doctrine.[3]  *See Memphis St., LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00150, 2007 WL 1456067 (D. Colo. May 15, 2007); *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591 (D. Colo. May 7, 2007).

Accordingly, the Motion to Remand (Doc. # 7) is GRANTED and this matter is REMANDED to the District Court, Fremont County, Colorado for further proceedings.

DATED:  June  02  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2]  The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3]  The *Rooker-Feldman* doctrine prohibits federal district courts from conducting appellate type review of state court judgments.  *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1139 (10th Cir. 2006).  The *Younger* abstention doctrine applies when claims raised in a federal proceeding are the subject of an ongoing state proceeding.  *Younger v. Harris*, 401 U.S. 37 (1971).